IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., et al., | * * * | |
| v. | * * | Civil No. JFM-12-1864 |
| CMG BETHESDA OWNER LLC | * * | |
| | ****** | |

## MEMORANDUM

Plaintiffs Denise Payne and the National Alliance for Accessibility, Inc. ("NAA") have filed this action against defendant CMG Bethesda Owner LLC ("CMG Bethesda") under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, for declaratory judgment and injunctive relief. Defendants have filed a motion to dismiss plaintiffs' complaint on the grounds that plaintiffs lack standing and have failed to state a claim upon which relief may be granted. The issues have been fully briefed and no oral argument is necessary. *See* Local R. 105.6. For the reasons stated below, CMG Bethesda's motion is granted and the suit is dismissed without prejudice.

## BACKGROUND

NAA is a non-profit organization located in Florida and partially composed of disabled persons. (Compl. ¶ 7.) Its stated purpose is to ensure that "places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." (Compl. ¶ 7.) Payne, a Florida resident and member of NAA, has cerebral palsy and uses a wheelchair for mobility. (Compl. ¶ 6.) CMG Bethesda owns or operates the Bethesda Marriott hotel located in Bethesda, Maryland. (Compl. ¶ 8.)

1

The complaint alleges that numerous features of the Bethesda Marriott violate the ADA by inhibiting the access and enjoyment of physically disabled persons. Payne visited the Bethesda Marriott on September 22, 2011, and, at the time she filed her complaint in June 2012, planned to return to the hotel on October 12, 2012. (Compl. ¶ 6.) During her September 2011 visit, Payne alleges that she "encountered architectural barriers" that "endangered her safety." (Compl. ¶ 6.) Plaintiffs have identified numerous alleged ADA and regulatory violations, including but not limited to disabled-use parking spaces and curb ramps whose slope fetters use by physically disabled persons, counters whose height exceeds thirty-six inches, restrooms and recreational areas that lack required disabled-use elements, and various fixtures and controls inaccessible to disabled persons. (Compl. ¶11.) In addition to their request for injunctive relief ordering CMG Bethesda "to make all readily achievable alterations" to the Bethesda Marriott, plaintiffs also seek to inspect the Bethesda Marriott "to determine all of the areas of non-compliance with the [ADA]." (Compl. at 9 & ¶ 12.)

Plaintiffs filed their complaint on June 22, 2012. (ECF No. 1.) On September 20, 2012, defendants filed the pending motion to dismiss for lack of standing and failure to state a claim. (ECF No. 18.) Plaintiffs opposed the motion on October 24, 2012, and defendants filed their reply on November 12, 2012. (ECF Nos. 21, 23.)

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), CMG Bethesda has moved to dismiss plaintiffs' claim for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may be framed in either of two ways. First, as CMG Bethesda does here, the defendant may assert that the facts alleged in the complaint are an insufficient basis for subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When presented with such a motion, the

court must assume the facts alleged in the complaint to be true, and the motion must be denied if the facts in the complaint justify the invocation of the court's subject matter jurisdiction. *Id.*

Alternatively, the defendant may attack the veracity of the jurisdictional allegations in the complaint. *Id.* The court then "may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Id.* at 193. "In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* at 192. When the jurisdictional allegations are inextricably intertwined with the facts central to the merits of the claim, however, the usual presumption of truthfulness should attach to the factual allegations in the complaint, and the court "should then afford the plaintiff the procedural safeguards—such as discovery—that would apply were the plaintiff facing a direct attack on the merits." *Id.* at 193.

## ANALYSIS

Plaintiffs contend that both Payne and the NAA[1] lack standing to seek injunctive relief for the ADA violations alleged in the complaint. The doctrine of standing focuses on whether the plaintiff is the proper party to bring suit. *White Tail Park, Inc., v. Stroube*, 413 F.3d 451, 460 (4th Cir. 2005) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Three elements comprise the "irreducible constitutional minimum of standing": (1) the plaintiff must have suffered an "injury in fact," (2) the injury must be "fairly traceable" to the defendant's

---

[1] I do not reach the issue of associational standing because I dismiss the suit on other grounds.

challenged conduct, and (3) it must be likely that the plaintiff's injury would be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements," and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1992); *see also Lujan*, 504 U.S. at 570 n.5.

Challenging only the first of the three elements of standing, CMG Bethesda maintains that Payne has not demonstrated a sufficient likelihood of future injury by the Bethesda Marriott to permit her suit for injunctive relief to go forward. Because Payne seeks injunctive relief, she must establish a "real and immediate threat" that she will sustain some future, direct injury as a result of the challenged conduct. *Lyons*, 461 U.S. at 101-02. Prior injury is not irrelevant when requesting injunctive relief; it constitutes probative "evidence bearing on whether there is a real and immediate threat of repeated injury." *Id.* at 102 (internal quotation marks omitted); *see also Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 210-11 (1995); *Suhre v. Haywood Cnty.*, 131 F.3d 1083, 1091 (4th Cir. 1997). But prior injury alone is insufficient. The complaint must describe concrete, specific plans to return to the locus of the injury and must indicate that the plaintiff is likely to suffer the same type of injuries upon her return. *See Lujan*, 504 U.S. at 564.

CMG Bethesda urges this court to adopt the four-factor standing analysis for ADA cases commonly used in some federal courts. That test, apparently first expounded in *D'Lil v. Stardust Vacation Club*, No. 00-1496, 2001 WL 1825832, at * 3 (E.D. Cal. Dec. 21, 2001), examines "(1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of

defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Pointing to the significant distance between Payne's Florida house and the Bethesda Marriott, the fact that Payne previously has visited the hotel only once, Payne's purported lack of definitive plans to return to the Bethesda Marriott, and Payne's infrequent travel to Bethesda, CMG Bethesda contends that all four factors strongly favor dismissal for lack of standing.

I decline CMG Bethesda's invitation to apply the four-factor *D'Lil* test. In a recent unpublished decision the Fourth Circuit expressly refused to endorse that test. *See Daniels v. Arcade, L.P.*, 477 F. App'x 125, 129 (4th Cir. 2012). According to the Fourth Circuit, "the use of this type of analysis in some cases . . . overly and unnecessarily complicates the issue at hand." *Id.* Assuming the allegations in that complaint to be true and drawing all inferences in the plaintiff's favor, the Fourth Circuit concluded in *Daniels* that the plaintiff's alleged general intent to return to the locus on his injuries was sufficient to confer standing. *Id.*

Assessing her standing at the time Payne filed her complaint, assuming the facts in the complaint to be true, and drawing all reasonable inferences in her favor, I conclude that Payne's alleged plans to return to the Bethesda Marriott in October 2012 were sufficient to confer standing to seek an injunction requiring the removal of certain alleged "architectural barriers" that obstructed her access to the hotel. Payne alleges that she frequently travels to the Washington, D.C. metropolitan area to attend festivals, rallies, conferences, and retreats. She has stayed at the Bethesda Marriott in the past and alleged specific plans to visit the hotel in the future. At this preliminary stage of the litigation, these allegations are sufficient.

The significant distance between Payne's Florida residence and the Bethesda Marriott does not negate Payne's right to seek an injunction. The proximity of an individual's residence to any

given hotel is unlikely to be significantly probative of whether that individual will visit the hotel. Myriad context-dependent factors control the likelihood that an individual will stay in a particular hotel. Courts should look instead to the likelihood that the individual will visit the city where the hotel is located and the likelihood that an individual will stay at that specific hotel if and when she visits the city. Payne alleges in her complaint that she frequently visits the Washington, D.C. metropolitan area and that she "desires to visit [the Bethesda Marriott] not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA." (Compl. ¶ 9.) Assuming those factual allegations to be true, and in light of the fact that the complaint identifies a specific date on which she intended to return to the hotel, her alleged intent to return is entirely plausible.

To be sure, the fact that Payne has visited the hotel only once casts some doubt on the sincerity of her intent to return to the hotel. Payne, however, is only required "to state a plausible allegation that there is a likelihood that [she] will suffer future harm." *Daniels*, 477 F. App'x at 130. The likelihood that Payne will visit the Bethesda Marriott in the future undoubtedly bears some correlation to the frequency of her past visits.[2] *See Lyons*, 461 U.S. at 102. But Payne needs only to allege a plausible basis for concluding that she will visit the Bethesda Marriott in the future; she need not definitively establish that she is, in fact, likely to visit the hotel.[3] *See Lujan*, 504 U.S. at 561 ("At the pleading stage, general factual allegations of

---

[2] Of course, an ADA plaintiff cannot be compelled to suffer multiple injuries before asking a court to enjoin the harmful conduct. The fact that a plaintiff has visited the hotel only once may diminish the likelihood that she will visit that hotel again, but that fact is not dispositive. The plaintiff may offer, and courts generally consider, all available evidence bearing on the credibility of the plaintiff's professed intent to return.

[3] Although *Lyons* stated that "Lyons' standing to seek the injunction depended on whether he was likely to suffer future injury," *Lyons*, 461 U.S. at 105, the Court assessed Lyons' standing after reviewing affidavits, depositions, and government records, *id.* at 99. The summary-

injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." (internal quotation marks and alterations omitted)); *Kerns*, 585 F.3d at 192-93.

Nor does Payne's extensive ADA litigation history undermine the plausibility of her alleged intent to return to the Bethesda Marriott. That goes to Payne's credibility and hence relates to the veracity rather than the sufficiency of the allegations in the complaint.[4] CMG Bethesda may attack Payne's credibility by introducing evidence that she has filed frivolous complaints or abused the right to sue, but that argument must be supported with appropriate evidence. And where the jurisdictional facts are inextricably intertwined with the facts central to the merits of the plaintiff's request for injunctive relief, the trial court ordinarily should assume jurisdiction unless the jurisdictional allegations are "'clearly . . . immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'" *Kerns*, 585 F.3d at 193 (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Plaintiffs' complaint thus alleges sufficient facts to support the existence of standing at the time the suit was filed. Payne alleged in her June 2012 complaint that she planned to return to the Bethesda Marriott on October 12, 2012, and nothing in the complaint made it implausible

---

judgment standard therefore controlled the Court's determination rather than the more permissive motion-to-dismiss standard that applies here.

[4] As I noted above, a plaintiff filing a Rule 12(b)(1) motion may attack either the sufficiency or the veracity of the jurisdictional facts alleged in the complaint. CMG Bethesda attacks the sufficiency of the complaint. (*See* Mot. Dismiss at 10 (stating that plaintiffs "have not sufficiently alleged that Payne is likely to suffer future harm at the Hotel").) Had CMG Bethesda instead chosen to attack the veracity of Payne's allegations, this court could then "go beyond the allegations of the complaint and in an evidentiary proceeding determine if there are facts to support the jurisdictional allegations." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

that she would return.[5] Because CMG Bethesda attacks the sufficiency of the complaint, this court must assume the factual allegations to be true and look only within the four corners of the complaint to determine whether it was plausible that Payne would return to that hotel in October 2012. Payne has cleared that low bar.

On the other hand, plaintiffs' purported use of "a form template used in hundreds of prior lawsuits," while not itself improper, calls into question the plausibility of her specific allegations. Payne, a woman, faces no plausible threat of future injury by noncompliant urinals in the men's restrooms. She alleges no basis to warrant the conclusion that the "architectural barriers" identified in the complaint actually caused her some injury. And she alleges no specific intent to use any of the allegedly noncompliant facilities when she returns to the hotel. Her boilerplate allegations thus do not demonstrate more than a "mere possibility" of future harm, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and plaintiffs have failed to satisfy their burden of establishing standing for each claim they press, *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Plaintiffs' complaint also suffers from another significant flaw: it is now moot.[6] "[S]tanding to sue is generally measured at the time of the complaint, with subsequent events generally analyzed under mootness principles." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1267 (11th Cir. 2001); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." (internal quotation marks

---

[5] CMG Bethesda focuses on the fact that Payne did not actually visit the Bethesda Marriott on October 12, 2012. (*See* Reply Br. at 5.) As CMG Bethesda acknowledges in its briefs, however, standing is determined at the time the suit is filed.

[6] Although CMG Bethesda did not raise this issue in its motion to dismiss, mootness is jurisdictional and can be raised *sua sponte* by the court. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).

omitted)). To establish a real and immediate threat of future harm, Payne alleged that she would return to the Bethesda Marriott on October 12, 2012, to avail herself of its services and to verify the hotel's compliance with the ADA. That date, however, has now come and gone, and Payne therefore no longer has a personal interest in the outcome of this litigation. *See United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) ("'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969))).

Although the Fourth Circuit in *Daniels* declined to require an ADA plaintiff to allege the exact date on which he intended to return to the locus of his injuries, the court did so after finding that the plaintiff's alleged intent to return was plausible because he lived nearby. *See* 477 F. App'x at 130. The plaintiff in *Daniels* "live[d] near the Market, had visited the Market before the filing of the amended complaint, and in fact 'regularly visit[ed]' the Market." *Id.* at 129. Despite his failure to allege a specific date on which he intended to return to the market, it was therefore plausible—rather than "merely possible"—to conclude that he would visit the market in the future.

Conversely, the plausibility of Payne's alleged intent to return to the Bethesda Marriott rests on the fact that she alleged the specific date and purpose of her return. Without that express allegation, the likelihood of Payne's return to the Bethesda Marriott does not rise above a "mere possibility." Indeed, unlike in *Daniels*, Payne did not allege a general intent to return to the Bethesda Marriott on multiple future visits. *Compare Daniels*, 477 F. App'x at 127 (alleging that plaintiff intended to continue to visit defendant's market); *Equal Rights Ctr. v. Abercrombie & Fitch Co.*, 767 F. Supp. 2d 510, 513 (D. Md. 2010) (alleging that plaintiff "will continue to visit Hollister stores as long as her daughter is interested in Hollister brand clothing"); *Gillespie*

*v. Dimensions Health Corp.*, 369 F. Supp. 2d 636, 642 (D. Md. 2005) (alleging that plaintiffs "will likely continue to seek[] medical treatment" from the defendant hospital). Because Payne alleged only a specific intent to return in October 2012, she no longer faced a real and immediate threat of harm after that date.

Payne attached to her opposition brief a declaration of her intent to stay at the Bethesda Marriott on April 24, 2013, while attending a rally in Washington, D.C. Extrinsic evidence will not be considered on a motion to dismiss, however, and Payne cannot supplement or amend her complaint by attaching a declaration to her opposition brief. Payne should have amended her complaint before it became moot.

## CONCLUSION

For the foregoing reasons, CMG Bethesda's motion to dismiss for lack of subject matter jurisdiction is granted, and plaintiffs' suit is dismissed without prejudice. A separate order follows.

December 7, 2012                         /s/
Date                                      J. Frederick Motz
                                          United States District Judge